UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM,<br><br>    Plaintiff,<br><br>    v.<br><br>NATERA, INC., et al.,<br><br>    Defendants. | Case No.  16-cv-01460-HSG<br><br>**ORDER GRANTING MOTION TO RELATE CASES; DENYING STIPULATION TO CONSOLIDATE WITHOUT PREJUDICE; SETTING BRIEFING AND HEARING SCHEDULE ON REMAND MOTIONS**<br><br>Dkt. Nos. 10, 11 |
| MIKA CAHOJ,<br><br>    Plaintiff,<br><br>    v.<br><br>NATERA, INC., et al.,<br><br>    Defendants. | Case No.  16-cv-01512-HSG |
| M. JIM ELLIS,<br><br>    Plaintiff,<br><br>    v.<br><br>NATERA, INC., et al.,<br><br>    Defendants. | Case No.  16-cv-01554-CW |

On April 12, 2016, Defendants Natera, Inc., Matthew Rabinowitz, Herm Rosenman, Jonathan Sheena, Roelof F. Botha, Todd Cozzens, Edward C. Driscoll, Jr., James I. Healy, and John Steuart (together, "Defendants") filed a motion to relate the three above-captioned putative securities class actions on the docket of *City of Warren Police and Fire Retirement System v. Natera, Inc.*, No. 16-cv-01460.  Dkt. No. 10.  Later that same day, all of the parties to all three actions filed on the same docket a stipulation and proposed order to consolidate the actions for all

purposes. Dkt. No. 11. The parties represent that the cases "involve substantially the same parties, claims, set of facts, and form of relief." Dkt. No. 10 at 3.

The Court finds the cases related within the meaning of Civil Local Rule 7-11(a), and **GRANTS** Defendants' motion to relate (Dkt. No. 10). Accordingly, the matter of *Ellis v. Natera, Inc.*, Case No. 16-cv-1554-CW, shall be reassigned to this Court. The parties are instructed that all future filings in that case must bear the initials "HSG" immediately after the case number. The parties shall adjust the dates for the conference, disclosures, and report required by Federal Rules of Civil Procedure 16 and 26 as appropriate. Any deadlines set by the ADR Local Rules remain in effect. The Court **VACATES** all other previously-set hearing dates in that case (as well as the other two cases), including the date set for the initial case management conference.

The Court further **ORDERS** that the parties in all cases to complete briefing on Plaintiffs' remand motions on the schedule agreed to by the parties in the proposed stipulation to consolidate: Defendants' response is due by April 20, 2016, and Plaintiffs' reply is due by May 4, 2016. The Court will hear argument on all of the motions to remand on May 12, 2016, at 2:00 p.m.

Additionally, the Court **DENIES WITHOUT PREJUDICE** the parties' stipulation to consolidate these actions and appoint lead counsel (Dkt. No. 11). The stipulation does not track this District's Model Stipulation and Proposed Consolidation Order or explain why it does not follow that form. *See* Civ. L.R. 23-1. Moreover, the parties have not identified any authority suggesting that it is appropriate for the Court to appoint lead counsel based on a stipulation. The Local Rules contemplate a motion (whether opposed or not) to appoint a lead plaintiff, from which the appointment of lead counsel then follows. *See id.* The parties should be prepared to address these issues at the May 12 hearing, and to discuss why they believe it would be appropriate for the Court to consolidate the cases before ruling on the remand motions.

**IT IS SO ORDERED.**

Dated: April 20, 2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2