United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CITY OF WARREN POLICE AND FIRE RETIREMENT SYSTEM,

Plaintiff,

v.

NATERA, INC., et al.,

Defendants.

MIKA CAHOJ,

Plaintiff,

v.

NATERA, INC., et al.,

Defendants.

M. JIM ELLIS,

Plaintiff,

v.

NATERA, INC., et al.,

Defendants.

VAN NGUYEN,

Plaintiff,

v.

NATERA, INC., et al.,

Defendants.

Lead Case No. 16-cv-01460-HSG

Related Case Nos. 16-cv-02226, 16-cv-01512, & 16-cv-01554

**ORDER REMANDING ALL ACTIONS**

Re: Dkt. No. 8 (and related motions)

Before the Court are the motions to remand filed by Plaintiff City of Warren Police and Fire Retirement System ("Warren") in Lead Case No. 16-cv-01460 ("1460 Case"), Dkt. No. 8, and by Plaintiff Mika Cahoj ("Cahoj") in Related Case No. 16-cv-01512 ("1512 Case"), Dkt. No. 7. Plaintiff Van Nguyen ("Nguyen") in Related Case No. 16-cv-2226 ("2226 Case") and Plaintiff M. Jim Ellis ("Ellis") in Related Case No. 16-cv-1554 ("1554 Case") have filed notices of joinder to Warren's motion. Defendants[1] filed identical oppositions in the 1460 Case, Dkt. No. 13, and in the 1512 Case, Dkt. No. 10. Warren filed a reply in the 1460 Case, Dkt. No. 14, and Cahoj filed a reply in the 1512 Case, Dkt. No. 11. Under Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that these motions are suitable for disposition without oral argument.

Defendants removed these actions, all brought exclusively under the Securities Act of 1933, from state court in March 2016. *See* 1460 Case, Dkt. No. 1, Ex. A; 1512 Case, Dkt. No. 1, Ex. A; 1554 Case, Dkt. No. 1, Ex. A; 2226 Case, Dkt. No. 1, Ex. A. As Judge Breyer recently and succinctly stated, "[c]ourts in this district have uniformly concluded and exhaustively explained that the Securities Act prohibits removal of the specific claims at issue here." *Pytel v. Sunrun*, No. 16-cv-2566, Dkt. No. 27 at 3, Order Remanding Cases (N.D. Cal. Jul. 12, 2016) (collecting cases holding that 15 U.S.C. § 77v(a) bars the removal of securities cases brought exclusively under the 1933 Act, notwithstanding 15 U.S.C. § 77p).[2] Defendants have not presented any new arguments

[1] Defendants in all four actions are: Natera, Inc., Matthew Rabinowitz, Johnathan Sheena, Herm Rosenman, Roelof F. Botha, Todd Cozzens, Edward C. Driscoll, Jr., James I. Healy, John Steuart, SC XII Management, LLC, Sequoia Capital XII, LP, Lightspeed Ultimate General Partners VIII, Ltd., Lightspeed Venture Partners VIII, LP, Morgan Stanley & Co. LLC, Cowen and Company, LLC, Piper Jaffray & Co., Robert W. Baird & Co. Inc., and Wedbush Securities Inc.

[2] *See Rivera v. Fitbit, Inc.*, No. 16-cv-02890, 2016 WL 4013504, at **2-3 (N.D. Cal. Jul. 27, 2016) (Illston, J.); *Elec. Workers Local #357 Pension & Health & Welfare Trusts v. Clovis Oncology, Inc.*, — F. Supp. 3d —, No. 16-cv-0933, 2016 WL 2592947, at *10 (N.D. Cal. May 5, 2016) (Chen, J.); *Iron Workers Mid-S. Pension Fund v. Terraform Glob., Inc.*, No. 15-cv-6328, 2016 WL 827374, at *1 (N.D. Cal. Mar. 3, 2016) (Freeman, J.); *Kerley v. Mobileiron, Inc.*, No. 15-cv-4416, Dkt. No. 34 at 1, Order Granting Mot. to Remand (N.D. Cal. Nov. 30, 2015) (Chhabria, J.); *Cervantes v. Dickerson*, No. 15-cv-3825, 2015 WL 6163573, at *7 (N.D. Cal. Oct. 21, 2015) (Hamilton, J.); *City of Warren Police & Fire Ret. Sys. v. Revance Therapeutics, Inc.*, 125 F. Supp. 3d 917, 920 (N.D. Cal. 2015) (Gilliam, J.); *Liu v. Xoom Corp.*, No. 15-cv-0602, 2015 WL 3920074, at *3 (N.D. Cal. June 25, 2015) (Koh, J.); *Plymouth Cnty. Ret. Sys. v. Model N, Inc.*, No. 14-cv-4516, 2015 WL 65110, at *2 (N.D. Cal. Jan. 5, 2015) (Orrick, J.); *Desmarais v. Johnson*, No. 13-cv-3666, 2013 WL 5735154, at *3 (N.D. Cal. Oct. 22, 2013) (Alsup, J.); *Toth v. Envivo, Inc.*, No. 12-cv-5636, 2013 WL 5596965, at *1 (N.D. Cal. Oct. 11, 2013) (Wilken, J.); *Reyes v. Zynga Inc.*, No. 12-cv-5065, 2013 WL 5529754, at *1 (N.D. Cal. Jan. 23, 2013) (White, J.); *Harper v. Smart Techs. Inc.*, No. 11-cv-5232, 2012 WL 12505217, at *5 (N.D. Cal. Sept. 28,

United States District Court
Northern District of California

that would warrant the Court's departure from this now well-established interpretation of the law.

As such, Defendants request that the Court certify the question presented for interlocutory appellate review under 28 U.S.C. § 1292(b). In its discretion, the Court declines to do so.

Finally, Plaintiffs request attorneys' fees and costs under 28 U.S.C. § 1447(c) on the basis that Defendants lacked a "reasonable basis" for removal. While Plaintiffs' position is correct, the Court declines to find that Defendants lacked any reasonable basis to remove these actions.

Accordingly, the Court **GRANTS** the motions to remand and **REMANDS** all four actions to their respective state courts, but **DENIES** Plaintiffs' request for attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated: 8/23/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

2012) (Armstrong, J.); *Young v. Pac. Biosciences of Cal., Inc.*, No. 11-cv-5668, 2012 WL 851509, at *4 (N.D. Cal. Mar. 13, 2012) (Davila, J.); *but see Lapin v. Facebook, Inc.*, No. 12-cv-3195, 2012 WL 3647409 (N.D. Cal. Aug, 23, 2012) (Chesney, J.)